J-S29030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                        :                    PENNSYLVANIA
                                                        :
              v.                                         :
                                                        :
                                                        :
JEFFREY WATSON                             :
                                                        :
              Appellant                           :       No. 2387 EDA 2017

Appeal from the PCRA Order June 29, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0825271-1983

BEFORE: PANELLA, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY MURRAY, J.:                          **FILED MAY 10, 2018**

Jeffrey Watson (Appellant) appeals *pro se* from the order denying as untimely his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The pertinent facts and procedural history are as follows: In March 1986, a jury convicted Appellant of second-degree murder and related charges. At the time he committed the murder, Appellant was twenty years old. The trial court sentenced Appellant to a mandatory life sentence without parole. This Court affirmed Appellant's judgment of sentence on March 23, 1988, and our Supreme Court denied Appellant's petition for allowance of appeal on December 15, 1988. ***Commonwealth v. Watson***, 1178 PHL 1987 (Pa. Super. Mar. 23, 1988) (unpublished memorandum), ***appeal denied***, 555

_____
* Former Justice specially assigned to the Superior Court.

A.2d 114 (Pa. 1988).

On August 23, 2012, Appellant filed a *pro se* PCRA petition seeking to correct his sentence on the basis of the United States Supreme Court's decision in ***Miller v. Alabama***, 567 U.S. 460 (2012).[1]  On March 23, 2016, Appellant filed a supplemental PCRA petition citing the United States Supreme Court's decision in ***Montgomery v. Louisiana***, 136 S.Ct. 718 (2016), which held that ***Miller*** applies retroactively.  The PCRA court appointed counsel.  On May 19, 2017, PCRA counsel filed a motion to withdraw and "no-merit" letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  The PCRA court issued notice of intent to dismiss pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure and Appellant did not file a response.  On June 29, 2017, the PCRA court dismissed Appellant's petition on the basis it was untimely filed and granted PCRA counsel's motion to withdraw his appearance.

Appellant filed a timely *pro se* notice of appeal.  The PCRA court filed a Pa.R.A.P. 1925(a) opinion without ordering Appellant to file a concise statement of errors complained of on appeal pursuant to Rule 1925(b) of the

---

[1] The United States Supreme Court held that a mandatory sentence of life imprisonment without the possibility of parole violated the Eighth Amendment's prohibition of cruel and unusual punishment when applied to defendants who were under the age of 18 at the time of their crimes.  ***Miller***, 567 U.S. at 2460.

Pennsylvania Rules of Appellate Procedure.

Appellant presents the following questions for our review:

Did the PCRA [c]ourt error [sic] in finding [A]ppellant's petition untimely?

Is the [A]ppellant entitled to resentencing under ***Miller v. Alabama***?

Appellant's Brief at 4 (suggested answers omitted).

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Roney***, 79 A.3d 595, 603 (Pa. 2013) (citation omitted). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Brown***, 143 A.3d 418, 420 (Pa. Super. 2016) (citation omitted). The PCRA court has the discretion to decline to hold a hearing on the petition if the petitioner's claim is patently frivolous and has no support either in the record or from other evidence. ***Commonwealth v. Wah***, 42 A.3d 335, 338 (Pa. Super. 2012) (citation omitted).

Before addressing the merits of Appellant's claims, we must first determine whether the PCRA court correctly concluded that Appellant's petition was untimely. The timeliness of a post-conviction relief petition is jurisdictional. ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010) (citation omitted). Thus, if a PCRA petition is untimely, neither an appellate court nor the PCRA court has jurisdiction over the petition. ***Id.*** "Without

jurisdiction, we simply do not have the legal authority to address the substantive claims" raised in an untimely petition. *Id.*

Generally, a petition for relief under the PCRA must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, an exception to the time for filing the petition.[2] 42 Pa.C.S.A. § 9545(b)(1). Under these exceptions, the petitioner must plead and prove that: "(1) there has been interference by government officials in the presentation of the claim; or (2) there exists after-discovered facts or evidence; or (3) a new constitutional right has been recognized." *Commonwealth v. Fowler*, 930 A.2d 586, 591 (Pa. Super. 2007) (citation omitted). A PCRA petition invoking one of these statutory exceptions must be filed within sixty days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). Moreover, exceptions to the time restrictions of the PCRA must be pled in the petition and may not be raised for the first time on appeal. *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007), *appeal denied*, 959 A.2d 927 (Pa. 2008); *see also* Pa.R.A.P. 302(a) ("Issues not raised before the lower court are waived and cannot be raised for the first time on appeal.").

_____

[2] *But see Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002) ("The 1995 amendments to the PCRA also provide that if the judgment of sentence became final before the effective date of the amendments (*i.e.*, January 16, 1996), a PCRA petition could be filed within one year, or by January 16, 1997. This grace period does not apply to second or subsequent petitions, regardless of when the first petition was filed.").

Instantly, Appellant's judgment of sentence became final prior to the effective date of the 1995 amendments to the PCRA, and Appellant thus had until January 16, 1997 to file his first PCRA petition. *See Fairiror*, 809 A.2d at 398. Appellant concedes that he did not file the instant petition until August 23, 2012, and the petition is facially untimely. Appellant's Brief at 8. However, Appellant invokes the constitutional right exception under Section 9545(b)(1)(iii) on the basis that the United States Supreme Court recognized a new constitutional right in *Miller* that was held to apply retroactively in *Montgomery*. *Id.* at 10. Appellant contends that his educational deficiencies and lack of maturity at the time he committed the murder rendered him no different than a juvenile of the same mental capacity. *Id.* at 11-12. Appellant therefore seeks to extend *Miller* to persons like himself who were older at the time of their crimes than the class of defendants subject to the *Miller* holding.

Appellant's argument is without merit. Appellant acknowledges that he was twenty years old at the time he committed the murder, and this Court has refused to extend *Miller* to individuals who were 18 years of age or older at the time of their crimes. *See Commonwealth v. Furgess*, 149 A.3d 90, 94 (Pa. Super. 2016) ("[P]etitioners who were older than 18 at the time they committed murder are not within the ambit of the *Miller* decision and therefore may not rely on that decision to bring themselves within the time-bar exception in Section 9545(b)(1)(iii).").

In sum, Appellant's PCRA petition is facially untimely, and he has failed

to meet his burden of proof with regard to an exception to the timeliness requirements of the PCRA. The PCRA court properly dismissed Appellant's petition for post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/10/18